UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

ENDANG WIDURI TIMOSCHUK, )
Individually, as the Surviving )
Spouse and Representative of THE )
ESTATE OF JEFFORY ALAN TIMOSCHUK, )
Deceased, and on Behalf of )
Infant, A.R.T., )
)
)
Plaintiffs, )   Docket No. SA12CA0816XR
)
- against - )
)
)
DAIMLER TRUCKS NORTH AMERICA, LLC )
d/b/a FREIGHTLINER LLC, SCHNEIDER )
NATIONAL LEASING, INC., VOGES )
DRILLING, CO. and ANDREW MORGAN )
WEATHERS, )
)
Defendants. )

## PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO DESIGNATE LATE EXPERTS

COMES NOW Plaintiff ENDANG WIDURI TIMOSCHUK, individually, as the surviving spouse and representative of THE ESTATE OF JEFFORY ALAN TIMOSCHUK Deceased, and on behalf of Infant A.R.T., through the undersigned counsel, and files this Motion for Leave to Designate Late Experts. In support of their response, Plaintiffs would show as follows:

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), on January 24, 2014, undersigned counsel conferred with defense counsel regarding the relief requested by this Motion. Defendant Daimler Trucks North America, LLC, d/b/a Freightliner LLC ("FREIGHTLINER") opposes

1

this Motion and its requested relief. We have recently settled with the other defendants and will be submitting the appropriate paperwork soon.

## I.    FACTUAL BACKGROUND

1.   On October 15, 2010, Plaintiff's decedent, Jeffory Alan Timoschuk, was a passenger in a 2007 Freightliner tractor with his co-driver, James W. Meyer. The Freightliner tractor owned by defendant Schneider National Leasing, struck a drill rig truck owned by defendant Voges Drilling Co. and being operated by defendant Andrew Morgan Weathers. After the collision, the Freightliner tractor caught fire and quickly became engulfed in flames. Both Meyer and Timoschuk perished in the fire. Mr. Timoschuk was alive following the collision but was trapped in the burning tractor, which was not equipped with an emergency exit.

2.   Plaintiffs commenced this action by filing a Summons and Complaint on August 31, 2012. Plaintiff's expert disclosure was due on October 1, 2013. Plaintiff disclosed 5 experts at that time.

3.   It is necessary for the Plaintiff to designate and obtain the testimony of Keith Fairchild, Ph. D. Dr. Fairchild, is an Economic Expert. Dr. Fairchild is based out of San Antonio, Texas. He has been a financial consultant and has provided expert witness testimony in valuation of domestic and

foreign privately-held businesses; personal injury; valuation of lost income; commercial damages; portfolio analysis; estate tax audit valuation; and subordinated security valuation since 1977. A copy of Plaintiff's proposed Designation is attached hereto as **Exhibit "A"**. If the Court permits Dr. Fairchild's late designation, his forensic economic damages report would also be included in our Designation.

4. The allowance of Dr. Fairchild's testimony is crucial in valuating Plaintiff's economic damages in this wrongful death action, particularly the present value of those damages, and explaining them to our jury at trial.

ARGUMENT

5. The Fifth Circuit has repeatedly held and instructed District Courts to consider four factors in determining whether an additional expert witness should be permitted: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness." Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1990); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998); Bradley v. United States, 866 F.2d 120, 125 (5th Cir.

3

1989); Anguiano v. Life Ins. Co. of N. Am., 232 F.R.D. 584 (W.D. Texas 2005).

6. This is a similar standard used in the Rule 16 standard where "four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Mendez, at *2 (quoting Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 [5th Cir. 2003]).

7. "A district court has 'wide latitude' in pretrial matters to issue orders based on 'intelligent flexibility.'". See Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1998)(quoting Davis v. Duplantis, 448 F.2d 918, 921 [5th Cir. 1971]).

A. Importance of the Expert's Testimony

8. In the subject litigation Plaintiff wishes to designate Dr. Fairchild, an economic expert to testify as to the decedent's economic damages as well as current and future life valuation. Districts within the 5th Circuit have held that it is clear that an economist is important to prove a plaintiff's claim for economic damages. Robinson v. Rodger Ryan Intervect

U.S.A., Inc., No. 3:07 CV 74-M-A, 2009 WL 1298261 (N.D. Miss. May 7, 2009).

9.  An economic expert would be vital to the Plaintiff in order to clearly and carefully explain economic damages to a jury. Particularly, his testimony would prepare a jury in understanding the valuation of the personal injury, future lost income, portfolio analysis, and other economic losses.

B. Potential Prejudice and the Possibility of Curing

10. The remaining Defendant would not be prejudiced in any way by this late designation, particularly if the Court provided time for the Defendant to take Dr. Fairchild's deposition.

11. If given this relief, Plaintiff respectfully requests a deadline of February 21, 2014 to serve an expert report. This would give the Defendant one month to complete a deposition of Dr. Fairchild before the current discovery deadline date expires. The defendant would have ample opportunity to depose Dr. Fairchild even if no extension of time was granted to the current discovery timetable.

12. The Parties previously reached an agreement to extend time for the completion of discovery, which this Court granted. As such, there is additional time for the Defendant to depose Dr. Fairchild with no prejudice.

13. In addition, Plaintiff's new designation is an economic expert in valuation of personal injury; valuation of lost income; commercial damages; portfolio analysis; estate tax audit valuation; subordinated security valuation. Dr. Fairchild's report will be based on information previously possessed by the defendants

14. Should the Defendant need additional time to depose Dr. Fairchild, jury selection is scheduled for July 21, 2014. There is a 4 months grace period between the current discovery end date and jury selection. Surely there is enough time to extend defendant's chance to depose Dr. Fairchild to cure any possible prejudice that could exist as a result of the recent designation, without having to move any current deadlines.

C. Explanation for Failure to Designate

15. The instant litigation arises from a wrongful death incident that occurred between two large trucks, causing a fuel fed fire and ultimately death of the Plaintiff.

16. Due to the nature of this complicated matter, Plaintiff has already retained five expert witnesses to testify in this litigation. The experts thus far retained are various accident re-constructionists, a medical examiner, a fire cause and origin specialist, and a truck egress specialist. The cost of retaining five separate expert witnesses is very high, paired

6

with the already high litigation costs in a complex fuel fed fire death case such as this. In an attempt to keep litigation costs down, with the knowledge of a possible mediation in the future, this office felt that in the best interest of the Plaintiff, hiring an additional expensive expert regarding economic damages was unnecessary at that time.

17. After attempting to mediate the case, it immediately became apparent that this action would end up going to trial against the remaining defendant, Freightliner. Plaintiff promptly within one week of the mediation and conversation with defense counsel, felt the necessity to retain an economic expert, which would be in the best interest of the client given the real potential for a trial. As such, the within Motion was drafted within days of this knowledge. Plaintiff's request is in good faith and without any undue delay.

18. Because of the complexity of this action, and the wrongful death of a truck driver, paired with the difficulty in balancing being cost-effective, good cause exists for granting the within Motion. Therefore, in the interests of justice, Plaintiff hereby requests that this Honorable Court grant this Motion for Leave to Late Designate an Expert.

WHEREOFRE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Leave to Late

Designation, and whatever other relief this Court deems just and proper.

>Respectfully submitted,
>RHEINGOLD, VALET, RHEINGOLD,
>MCCARTNEY & GIUFFRA LLP
>113 East 37th Street
>New York, New York 10016
>Tel. (212)684-1880
>
>By: _____
>Terrence E. McCartney
>*Admitted Pro Hac Vice*
>
>COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of January, 2014, I caused to be electronically submitted the foregoing document with the clerk of court for the U.S. District Court Western District of Texas, using the electronic case files system of the Court. I hereby certify that I have caused all counsel of record to be electronically served via the Court's CM/ECF system.

Thomas D. Jones
Law Offices of Thomas D. Jones, PC
3510 North St Mary's Street
Suite 103
San Antonio, Texas 78212

Lynn S. Castagna
Castagna Scott LLP
3660 Stoneridge Rd.
Suite B-102
Austin, TX 78746

Larry J. Goldman
Goldman Phipps, PLLC
One International Centre
100 NE Loop 410, Suite 1500
San Antonio, TX 78216

Richard Grafton
Germer Gertz Beaman & Brown, LLP
301 Congress Avenue, Suite 1700
Austin, Texas 78701

_____
Scott D. Kagan