## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ENDANG WIDURI TIMOSCHUK, | § | |
| Individually, as the Surviving Spouse and | § | |
| Representative of THE ESTATE OF | § | |
| JEFFORY ALAN TIMOSCHUK, Deceased, | § | |
| and on Behalf of Infant, A.R.T., | § | Civil Action No.  SA-12-CV-816-XR |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| DAIMLER TRUCKS NORTH AMERICA, | § | |
| LLC, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING LEAVE TO DESIGNATE EXPERT

On this day, the Court considered Plaintiffs' opposed motion for leave to designate expert (docket no. 58).  For the following reasons, the Court GRANTS the motion.

### I. Background

Plaintiff Endang Widuri Timoschuk, individually, as the surviving spouse and representative of the estate of Jeffory Alan Timoschuk, and on behalf of Infant A.R.T., (collectively "Plaintiffs") sued Defendant Daimler Trucks North America, LLC, d/b/a Freightliner LLC ("Freightliner") and three other defendants. Am. Compl., Docket No. 20. Plaintiffs have settled with all defendants except Freightliner. Docket No. 58, at 2.

Plaintiffs allege that on October 15, 2010, Jeffory Alan Timoschuk was a passenger in a 2007 Freightliner tractor with his co-driver, James W. Meyer.  Mr. Timoschuk's and Mr. Meyer's tractor struck a drill rig truck and caught fire.  Both Mr. Timoschuk and Mr. Meyer

1

perished in the fire.  Mr. Timoschuk was allegedly alive following the collision but was trapped in the burning tractor, which was not equipped with an emergency exit.  On August 31, 2012, Plaintiffs filed the present wrongful death and survival lawsuit, asserting causes of action against Freightliner for negligence, strict product liability, and breach of warranty.

On November 7, 2012, the Court entered its first scheduling order. Docket No. 25.  On July 2, 2013, the Court extended the remaining deadlines in the case. Docket No. 43.  The Court set a deadline of October 1, 2013 for Plaintiffs to identify and exchange export reports pursuant to Federal Rule of Civil Procedure 26(a)(2).  Before that deadline, Plaintiffs disclosed five experts—an accident reconstructionist, a medical examiner, a fire cause and origin specialist, and a truck egress specialist.  Plaintiffs now request leave to designate Dr. Keith Fairchild as an economic expert. Docket No. 58.  Freightliner opposes the motion. Docket No. 59.

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of information relating to an expert witness.  Under Rule 26, a party must disclose expert witnesses who may testify at trial. FED. R. CIV. P. 26(a)(2)(A).  The disclosure must "be accompanied by a written report prepared and signed by the witness." *Id.* 26(a)(2)(B).  Rule 37 provides that a party who fails to disclose the information required by Rule 26(a) is not permitted to use the information as evidence at a trial, "unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).  In lieu of exclusion, a court may impose other appropriate sanctions, such as requiring a breaching party to pay the reasonable expenses caused by the party's failure to comply. *Id.*

The Fifth Circuit has adopted a four-part test to determine whether exclusion is an appropriate sanction: (1) the explanation by the party who failed to comply with the scheduling

order; (2) the prejudice to the party opposing the designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness's testimony. *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1000 (5th Cir. 1998).

### III. Discussion

Plaintiffs explain that they knowingly missed the Court's expert disclosure deadline because they hoped a settlement would make unnecessary their need to prove economic damages and they wanted to keep litigation costs down. Docket No. 58, at 6–7. Once it became apparent that Plaintiffs would be unable to settle their claims with Freightliner, Plaintiffs assert that they promptly moved for leave to designate their economic expert, Dr. Fairchild. *Id.* at 5. While Plaintiffs' wish to keep their costs down is understandable, it does not excuse their disregard of the Court's expert witness disclosure deadline. Plaintiffs should have moved to extend the deadline before it expired, citing the possibility of settlement and the desire to keep costs low. Nevertheless, the Court grants Plaintiffs leave to file their designation after the deadline since the other factors relevant to the inquiry weigh in favor of granting leave to designate.

First, the prejudice to Freightliner of granting leave is minimal and can be mitigated. Plaintiffs have asserted that Freightliner already has all of the information on which Dr. Fairchild will base his opinion. *Id.* at 6. Further, they request only until February 21, 2014 for Dr. Fairchild to file his expert report. *Id* at 5. Discovery closes on March 21, 2014. *See* Am. Scheduling Order, Docket No. 53. Therefore, Freightliner will have a chance to depose Plaintiffs' expert after he delivers his report. Additionally, by this Order, the Court grants Freightliner until March 17, 2014 to identify a witness pursuant to Federal Rule of Civil Procedure 26(a)(2) solely to contradict or rebut evidence on the same subject matter identified in

Dr. Fairchild's expert report.  While the parties did not agree to designate experts after the deadline, they did agree to depose all experts after January 31, 2014. *See* Docket No. 52 at 1–2. Allowing Plaintiffs leave to designate Dr. Fairchild as their economic expert after the deadline, thus does not significantly affect Freightliner's discovery plans.

Freightliner insists that it will be prejudiced by the additional expenses it will incur if Plaintiffs are allowed to designate their expert.  While almost certainly Freightliner will incur some additional expenses, the record does not suggest that these expenses will be unacceptable. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708–09 (5th Cir. 2007) (finding that expenses for slight reworking of a motion for summary judgment were not "unwarranted additional expenses").  Here, Freightliner points to the additional expenses of deposing Dr. Fairchild, potentially filing a *Daubert* challenge to Dr. Fairchild's testimony, and potentially hiring a rebuttal expert.  As ordered below, Plaintiffs will pay the cost of Dr. Fairchild's deposition. Moreover, a cursory review of Dr. Fairchild's curriculum vitae suggests that he will be qualified to give an expert opinion on economic valuation, reducing the likelihood that a Daubert challenge would be appropriate. *See e.g.*, *Meinelt v. P.F. Chang's China Bistro, Inc.*, 787 F. Supp. 2d 643, 656 (S.D. Tex. 2011) (denying a *Daubert* challenge to an economic expert on future earnings and benefits).  Finally, the issue of economic damages has always been in play in this litigation.  Freightliner has always been on notice that it will have to challenge Plaintiffs' damage request, whether through its own expert or through cross examination of Plaintiffs' witnesses.

Next, the Court can continue the trial if unforeseen prejudice to Freightliner arises. *See Betzel*, 480 F.3d at 708 ("[W]e have repeatedly emphasized that a continuance is the preferred

means of dealing with a party's attempt to designate a witness out of time."). Trial is currently set for July 21, 2014, and thus a continuance is not necessary.

Finally, the importance of Plaintiffs' expert weighs in favor of granting their motion. Plaintiffs have requested twenty million dollars in compensatory damages. Docket No. 20, at 18. If this case progresses to a jury trial, Dr. Fairchild will likely help the jury understand the evidence or determine a fact issue. *See* FED. R. EVID. 702.

Although the Court allows Plaintiffs leave to designate their expert, their knowing disregard of the Court's disclosure deadline is cause for sanctions. *See* FED. R. CIV. P. 37(c)(1) (allowing sanctions in lieu of exclusion); *Bradley v. United States*, 866 F.2d 120, 127 n.11 (5th Cir. 1989) ("[I]t remains the province of the district court to determine, within the bounds of discretion, whether any sanctions are appropriate."). Sanctions can include requiring the party breaching the Court's expert disclosure deadline to pay the expenses associated with any additional expert discovery. *See Betzel*, 480 F.3d at 709. Therefore, to mitigate some of the additional costs to Freightliner and to sanction Plaintiffs for their knowing disregard of the Court's expert disclosure deadline, Plaintiffs are ordered to pay the reasonable deposition costs of Dr. Fairchild's deposition, if Freightliner chooses to depose Dr. Fairchild.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs leave to designate their expert (docket no. 58). Plaintiffs must serve Dr. Fairchild's expert report on Defendant Freightliner by February 21, 2014. Defendant Freightliner may identify a witness pursuant to Federal Rule of Civil Procedure 26(a)(2) solely to contradict or rebut evidence on the same subject matter identified in Dr. Fairchild's expert report by March 17, 2014.

Further, the Court ORDERS Plaintiffs to pay the reasonable deposition costs of Dr. Fairchild's deposition, if Freightliner chooses to depose Dr. Fairchild.

It is so ORDERED.

SIGNED this 14th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE