## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ENDANG WIDURI TIMOSCHUK, | § | |
| Individually, and as the Surviving Spouse | § | |
| and Representative of THE ESTATE OF | § | |
| JEFFORY ALAN TIMOSCHUK, Deceased, | § | |
| and on Behalf of Infant A.R.T. | § | Civil Action No.  SA-12-CV-816-XR |
| | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| DAIMLER TRUCKS NORTH AMERICA, | | |
| LLC d/b/a FREIGHTLINER LLC, | | |
| SCHNEIDER NATIONAL LEASING, | | |
| INC., VOGES DRILLING, CO., and | | |
| ANDREW MORGAN WEATHERS, | | |
| | | |
|     *Defendants*. | | |

## ORDER

On May 7, 2014, Defendant Daimler Trucks North America, LLC ("Daimler") filed a motion for a court order applying a statutory presumption that its truck cab was not defectively designed because Daimler complied with applicable federal safety regulations.  Doc. No. 83. After careful consideration, the motion is DENIED.

## DISCUSSION

Section  82.008(a) of the  Texas Civil Practices and Remedies Code  provides that:

> In a products liability action brought against a product manufacturer or seller, there is a rebuttable presumption that the product manufacturer or seller is not liable for any injury to a claimant caused by some aspect of the formulation, labeling, or design of a product if the product manufacturer or seller establishes that the product's formula, labeling or design complied with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, that were applicable to the product at the time

of manufacture and that governed the product risk that allegedly
caused harm.

Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 82.008(a).

This case involves claims that Daimler defectively designed the sleeper cab that
Plaintiffs' decedent was in when he perished in a fire.  Daimler contends that it complied with
applicable Federal Motor Carrier Safety Agency ("FMCSA") regulations when designing the
sleeper cab, and that it is therefore entitled to the § 82.008(a) presumption. Doc. No. 83.
Plaintiffs respond that presumption should not be applied in this case because the FMCSA
regulations do not govern manufacturers such as Daimler and, in even if they did, the
regulations in question do not govern the risk in this case.  Doc. No. 97.   In addition, Plaintiffs
contend that Daimler's motion is premature.  *Id.*

In its motion, Daimler assumes, without establishing, that the FMCSA regulations
apply to manufacturers such as Daimler.   The relevant FMCSA regulations are provided for in
49 C.F.R. §§ 390–399.  Section 390.3 governs the applicability of the regulations which
expressly apply to "to all employers, employees, and commercial motor vehicles, which
*transport* property or passengers in interstate commerce." 49 C.F.R. § 390.3 (emphasis added).
In other words, the regulations apply to common carriers.  Notably, nowhere in this section
does the regulation mention that it applies to manufacturers.  More specifically, the subchapter
entitled "Parts and Accessories Necessary for Safe Operation," which includes the section
about sleeper berths, expressly applies to "[e]very motor carrier and its employees … and
[e]very intermodal equipment provider and its employees or agents …"49 C.F.R. § 393.1.
Similarly, nowhere does this regulation mention that it also applies to manufacturers.

Recently, a district court addressing this question found that "[i]t is undisputed that the FMCSA Regulations focus on motor carriers, not manufacturers." *Bradley v. Fontaine Trailer Co. Inc.*, No. 3:06–CV–00062–WWE, 2013 WL 74238, at *2 (D. Conn. Jan. 4, 2013) *see also Quilez-Velar v. Ox Bodies, Inc.*, CIV. 12-1780 SCC, 2014 WL 2003813, fn. 10 (D.P.R. May 16, 2014) ("We agree … the [FMSCA] regulation applies only to motor carriers.").   In addition, a Texas state court noted that the FMSCA regulations "were intended to govern transportation of passengers and property… [there is] no indication that the statute or rules are applicable to manufacturers of the vehicles used for transportation." *Mottu v. Navistar Intern. Transp. Corp.*, 804 S.W.2d 144 (Tex. App. — Houston [14th Dist.] 1990).

In its motion, Daimler has provided no legal authority to suggest that the FMCSA regulations apply to manufacturers.[1]   The case law on this issue, along with the structure of the regulation itself, implies that it does not.   As a result, it appears that the presumption should not apply because the regulations that Daimler claims to have adhered to were not "applicable to the product at the time of manufacture." TEX. CIV. PRAC. & REM. CODE § 82.008(a). Consequently, Daimler has not established that it is entitled to the rebuttable presumption under Texas Civil Practice and Remedies Code § 82.008.

In light of the foregoing analysis, Daimler's motion for the inclusion of the rebuttable presumption in the jury instructions is DENIED.

---

[1] The cases cited by Daimler are inapposite because they involve the statutory presumption applying in favor of a manufacturer that complied with Federal Motor Vehicle Safety Standard ("FMVSS") regulations. Unlike the FMCSA regulations, FMVSS regulations unquestionably apply to manufacturers. *See Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007).

SIGNED this 2nd day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE