IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ENDANG WIDURI TIMOSCHUK, §<br>Individually, and as the Surviving Spouse §<br>and Representative of THE ESTATE OF §<br>JEFFORY ALAN TIMOSCHUK, Deceased, §<br>and on Behalf of Infant A.R.T., §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>DAIMLER TRUCKS NORTH AMERICA, §<br>LLC d/b/a FREIGHTLINER LLC, §<br>SCHNEIDER NATIONAL LEASING, §<br>INC., VOGES DRILLING CO., and §<br>ANDREW MORGAN WEATHERS, §<br>§<br>*Defendants*. § | Civil Action No.  SA-12-CV-816-XR |

**ORDER**

On this date, the Court considered Defendant Daimler Trucks North America LLC's ("Daimler") motion for summary judgment. Doc. No. 82. After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This case arises out of a tractor trailer accident that killed Jeffory Timoschuk. Plaintiff Endang Timoschuk, individually, as the surviving spouse and representative of the estate of Jeffory Timoschuk, and on behalf of Infant A.R.T., (collectively "Plaintiffs") sued multiple defendants, inlcuding Daimler, the manufacturer of the subject tractor, and Schneider National Leasing ("Schneider"), Timoschuk's employer. Doc. No. 20. Plaintiffs have settled with all defendants except Daimler. Doc. No. 58 at 2.

1

Plaintiffs allege that on October 15, 2010, Timoschuk was a passenger in a 2007 Daimler tractor with his co-driver, James W. Meyer.  Mr. Timoschuk's and Mr. Meyer's tractor struck a drill rig truck and caught fire.  Mr. Timoschuk was allegedly alive following the collision but was trapped in the burning tractor, which was not equipped with an emergency exit.  Both Mr. Timoschuk and Mr. Meyer perished in the fire.   On August 31, 2012, Plaintiffs filed the present wrongful death and survival lawsuit, asserting causes of action against Daimler for negligence, defective design, "failure to warn," and breach of warranty.  Subject matter jurisdiction exists under 28 U.S.C. § 1332.

## LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

1. *Design Defect Claim*

In their Amended Complaint, Plaintiffs claim that the subject tractor was defectively designed because: (1) the fuel system was not adequately protected against fire, and (2) the sleeper cab lacked an emergency exit as standard equipment. Am. Compl. ¶ 66. In response to Daimler's motion for summary judgment, Plaintiffs drop their claim related to the fuel system. Plaintiffs persist with their claim that the truck design was defective because an additional emergency exit should have been standard equipment. Doc. No. 101 at 14.

To recover for defective design under Texas law, a plaintiff must show: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Daimler asserts that it is entitled to judgment as a matter of law because its design was not defective or, in the alternative, because any defect was not the producing cause of Timoschuk's injuries. Doc. No. 82 at 8-10. Daimler's contention that there is no evidence of a defective design rested in large part on its effort to exclude Plaintiffs' design expert, Gerald Rosenbluth, from testifying in this case. However, the Court has rejected Daimler's *Daubert* motion and so Rosenbluth can offer his expert opinion that the design was defective because it lacked sleeper cab emergency exits as standard equipment. Daimler takes specific issue with a portion of Rosenbluth's deposition testimony in which he appears to assert that the truck

3

design was defective because buyers were not required to "opt-out" of emergency exits. Daimler is correct that Rosenbluth's opt-out scenario does not pertain to the truck's design, but to how certain features are marketed. Any claim that Daimler is liable for failing to require buyers to opt-out of the emergency exits, as opposed to the claim that emergency exits should be an inherent part of a truck's design, is more appropriately cast as a marketing defect claim. Nevertheless, Daimler's singular focus on this issue obscures the relevant point: that there is a genuine fact issue over whether sleeper cab emergency exits should have been a non-optional part of the truck's design. Inasmuch as Rosenbluth is poised to offer expert testimony expressing this opinion, there is material fact issue that precludes summary judgment on the design defect question.

Next, Daimler argues that it is entitled to summary judgment on the causation element of a design defect claim. Doc. No. 82 at 6. Specifically, Daimler asserts that there no fact issue as to "whether Timoschuk would have chosen to exit the tractor through any available sleeper door." *Id.* To establish causation, a plaintiff must show that the defect was the producing (i.e. but-for) cause of his injury. *Timpte*, 286 S.W.3d at 311; *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (discussing causation requirement). Applied here, Plaintiffs must establish that the lack of emergency exits in the sleeper cab caused Timoschuk's death. Plaintiffs have adduced sufficient evidence to raise a fact issue as to whether an additional exit would have allowed Timoschuk to escape and thereby survive. On this point, Plaintiffs have produced a fire causation and spread expert who can offer his opinion as to whether an additional exit would have provided a more feasible egress, based upon the spread of fire and smoke throughout the truck. In addition, Plaintiffs have produced

a medical expert who can offer her opinion that Timoschuk would have been physically capable of escaping through an additional exit. Finally, Plaintiffs also have four eye-witnesses who can testify as to their observation that Timoschuk was alive and struggling to escape during his final moments.

Daimler argues strenuously that Plaintiffs cannot, at this stage, conclusively prove that Timoschuk *would* have exited the cab even though there is evidence that Timoschuk *could* have done so under the circumstances. All this means is that Plaintiffs are not entitled to summary judgment on the causation question; it does not mean that Daimler is so entitled because a jury could reasonably determine, based on the evidence before it, that Timoschuk would have escaped had there been additional exits. Consequently, there is no merit in Daimler's contention that it is entitled to summary judgment on the basis of causation. Daimler's motion for summary judgment on the design defect claim is therefore DENIED.

*2. Marketing Defect*

In their Amended Complaint, Plaintiffs purport to assert a strict liability cause of action for "failure to warn." Am. Compl. ¶¶ 71-79. In Texas, strict liability applies to a product liability claim when the product is unreasonably dangerous due to "a defect in marketing, design, or manufacturing." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)). Although Plaintiffs insist that they are alleging a cause of action for failure to warn, Texas law is clear that "[a] defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect." *Id.*; *see also Zavala v. Burlington N. Santa Fe Corp.*, 355 S.W.3d 359, 374 (Tex. App.—El Paso 2011, no pet.)

Even if construed as a marketing defect claim, Plaintiffs' allegations fail as a matter of law. In Texas, strict liability for marketing defect applies "if the lack of adequate warnings or instructions renders an *otherwise adequate product* unreasonably dangerous." *Caterpillar*, 911 S.W.2d at 382 (emphasis added); *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 377 (Tex. 1984). Thus, to prevail on a marketing defect claim, the product itself must have been adequately designed but rendered unreasonably dangerous by the lack of warning.

As Daimler notes, Plaintiffs' design defect claim is necessarily predicated on the contrary assertion that the product was defective as designed. Thus, no reasonable juror could find for Plaintiffs on both their design defect and marketing defect claims in this case. That fact alone is not fatal to Plaintiffs' claim, because it is appropriate to plead in the alternative. Cf. *Waite v. Hill Servs., Inc.*, v. *World Class Metal Works, Inc.*, 959 S.W. 2d 182, 184 (Tex. 1998) ("A party is generally entitled to sue and seek damages on alternative theories").

The problem here is that nowhere in Plaintiffs' pleading of their marketing defect claim do they assert that the product was adequate as designed, but rendered unsafe by the lack of warning(s). Instead, as part of their marketing defect claim, Plaintiffs assert that "Defendant [Daimler] designed the subject… truck defectively." Am. Compl. ¶ 75. If the truck was unreasonably dangerous as designed, then it was not the failure to warn that rendered it unreasonably dangerous inasmuch as that danger was, according to Plaintiffs themselves, inherent to how the product was designed. Plaintiffs' marketing defect claim therefore fails as a matter of law based upon Plaintiffs' own allegations.[1] As a result, summary judgment on the marketing defect claim is GRANTED.

---

[1] Even if Plaintiffs had properly pled a marketing defect claim, they have not provided evidence that any further warning would have changed Schneider's mind regarding whether to obtain additional emergency exits and have therefore not generated a fact issue as to causation.

*3. Negligence*

Daimler asserts that "summary judgment is appropriate as to [P]laintiff's negligence claim because the same facts form the basis of their negligence and strict liability claims." Doc. No. 82 at 11. Daimler appears to contend that a plaintiff cannot pursue both strict liability and negligence claims simultaneously. This is not an accurate understanding of Texas law, which permits plaintiffs to bring both strict liability and negligence claims in products liability actions. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 423 (Tex. 1984) ("In Texas, a plaintiff can predicate a product liability action on one or more of at least three theories of recovery: (1) strict liability under § 402A, (2) breach of warranty under the U.C.C., and (3) negligence"); *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 255 (5th Cir. 1988) (same). Although the claims of negligence and strict liability may have factual overlap, negligence "requires a different showing from a strict liability claim, even when the action is against the manufacturer . . . they involve two separate theories of recovery." *Syrie v. Knoll Int'l*, 748 F.2d 304, 307 (5th Cir. 1984); *see also Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978). As a result, Daimler's motion for summary judgment on the negligence claim is DENIED.

*4. Breach of Warranty*

Daimler next asserts that summary judgment should be granted on Plaintiffs' warranty claims. Doc. No. 82. Specifically, Daimler argues that: (1) Plaintiffs' warranty claims are barred by the statute of limitations, (2) Plaintiffs have not produced sufficient evidence to raise a fact issue as to their entitlement to relief; and (3) Plaintiffs have failed to provide the

required notice of their warranty claims. *Id.* at 18-19. The Court agrees with Daimler that Plaintiffs' warranty claims are barred for failure to follow statutory notice requirements.

Under Texas law, notice of a breach of warranty is required for a party to obtain relief on a warranty claim. *See* TEX. BUS. & COMM. CODE ANN. § 2.607(c)(1) (Vernon 2009). The burden is on the plaintiff to establish that notice has been given or that notice was not required. *Ibarra v. Nat'l Const. Rentals, Inc.*, 199 S.W.3d 32, 37 (Tex. App—San Antonio 2006). Plaintiffs contend that this statute does not apply because they were not the buyers of the truck. Doc. No. 101 at 23 ("The Plaintiffs in this action were innocent victims in a crime that killed Mr. Timoschuk. The statute does not apply in this case"). It is well settled that warranty claims can be brought by someone other than the buyer of the defective product. *Garcia v. Texas Instruments, Inc.* 610 S.W.2d 456, 465 (Tex. 1980). *U.S. Tire-Tech, Inc. v. Boeran*, 110 S.W.3d 194, 199 (Tex. App.—Hous. [1st Dist] 2003) (noting that the Texas Commercial Code was not drafted "only with the intention of governing relations between immediate buyers and sellers.")

If, as Plaintiffs contend, the Commercial Code does not apply in this case, then Plaintiffs have no legal basis to recover against Daimler on a warranty claim. Stated differently, "because Texas courts have found that third-parties may recover for injuries under the UCC, the relevant terms of the UCC with regard to notice must apply . . . to Plaintiff." *Alvarado v. Conmed Corp.*, No. EP-06-CV-0198-KC, 2008 WL 2783510, at *9 (W.D. Tex. Mar. 13, 2008). Consequently, beneficiaries of a product who are not the buyers still have a duty to notify the seller of problems with the product. *Id.* at *9; *see also Ibarra*, 199 S.W.3d at 38.

The Commercial Code itself provides that:

> "Under this Article various beneficiaries are given rights for injuries sustained by them because of the seller's breach of warranty . . . the reason of this section does extend to requiring the beneficiary to notify the seller that an injury has occurred . . . even a beneficiary can be properly held to the use of good faith in notifying."

TEX. BUS. & COM. CODE ANN., cmt. 5.

Moreover, the filing of a lawsuit is not sufficient notice of a warranty claim. *Alvarado*, 2008 WL 2783510 at *9; *see also U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d at 200 ("this notice requirement is better described as a condition precedent for a buyer's cause of action."). The reason for having the notice requirement is "to give the seller an opportunity to inspect the product to determine whether it was defective and to allow the seller an opportunity to cure the breach." *Wilcox v. Hillcrest Memorial Park of Dallas*, 696 S.W.2d 423, 424 (Tex. App.—Dallas 1985).

In response to Daimler's motion for summary judgment, Plaintiffs have adduced no evidence tending to show that notice was ever delivered prior to the commencement of this litigation. Absent compliance with the statutory notice requirements Plaintiff is barred from any remedy under the statute. Therefore, summary judgment is be GRANTED on the breach of warranty claim.

5. *Punitive Damages*

Finally, Daimler asserts that Plaintiffs are not entitled to punitive damages in this case. Punitive damages are allowed under Texas law "only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of

exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a).

In this case, Plaintiffs allege that Daimler's conduct was grossly negligent. Doc. No. 101 at 24. Gross negligence consists of both objective and subjective elements. *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). First, a plaintiff must show by clear and convincing evince that " when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11)); *see also Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994). With respect to the subjective prong, a plaintiff must establish that "the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id.*

Turning first to the objective prong, the Texas Supreme Court has held that "'extreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *U-Haul Intern., Inc.*, 380 S.W.3d at 137 (internal citations omitted). As evidence of objective gross negligence, Plaintiffs cite a number of studies that they claim show how "post collision fuel fed fires are a major risk of the industry" which cause a "significant percentage of heavy truck deaths." Doc. No. 101 at 24. These studies also suggest that Daimler trucks have a higher rate of fires than those made by other manufacturers. *Id.* at 25. In addition, Plaintiffs' expert on automotive design and safety can offer his opinion that failure to equip a sleeper cab with emergency exits as standard equipment constitutes "extreme risk" of harm. *See* Doc. No. 105 (denying Daimler's *Daubert*

motion to exclude Plaintiffs' design expert). Based on this evidence, Plaintiffs have raised a triable fact issue as to the objective prong of gross negligence.

With regard to the subjective prong, Plaintiffs have provided evidence that Daimler was aware of this risk. First, some of the studies cited by Plaintiffs to establish the risk of the fire hazard were commissioned by Daimler. Doc. No. 101, Ex. H. Plaintiffs also note that a jury in the Central District of California found Daimler liable for the same defect that they allege here. *See Tillman v. Freightliner, LLC*, 247 F. App'x. 867, 870 (9th Cir. 2007) (affirming jury verdict as supported by the evidence but remanding for reconsideration of $3.85 million non-economic damage award). Inasmuch as the *Tillman* jury found that Daimler was liable for defective design under California law for failing to include additional emergency exits, Plaintiffs assert that Daimler was aware of the risk posed by its design and "consciously disregarded" it by continuing to produce trucks without additional exits. Doc. No. 101 at 25-26. Thus, there is sufficient evidence in the record to create a fact issue as to Daimler's subjective knowledge of the risk.

In its motion for summary judgment, Daimler argues in passing that any gross negligence may not be attributable to it as a corporation. Doc. No. 82 at 23. "Whether the corporation's acts can be attributed to the corporation itself, and thereby constitute corporate gross negligence, is determined by reasonable inferences the fact-finder can draw from what the corporation did or failed to do." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998) (citing *Bowman v. Puckett*, 188 S.W.2d 571, 574 (Tex. 1945)). Since Plaintiffs have provided sufficient evidence to withstand summary judgment on their claim of gross negligence, the factual question of whether any such gross negligence can be attributed to the

corporation is appropriately determined by the jury. As a result, Daimler's motion for summary judgment on Plaintiffs' claim for punitive damages is DENIED.

## CONCLUSION

In light of the foregoing analysis, Daimler's motion for summary judgment is GRANTED in PART with respect to Plaintiffs' claims for marketing defect and breach of warranty. It is DENIED in PART with respect the claims of defective design, negligence, and for punitive damages. Doc. No. 82.

SIGNED this 10th day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE