**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ENDANG WIDURI TIMOSCHUK, *et al.*, § § *Plaintiffs*, § § v. § § DAIMLER TRUCKS NORTH AMERICA, § LLC, *et al.*, § § *Defendants*. § | Civil Action No.  SA-12-CV-816-XR |

**ORDER**

On this date, the Court considered Plaintiffs' motion to compel Daimler Trucks North America LLC's ("Daimler's") production of fact witness Bruce Koepke for trial. Docket No. 115.  For the following reasons, Plaintiffs' motion is DENIED.

This case arises out of a tractor trailer accident that killed Jeffory Alan Timoschuk. Plaintiff Endang Widuri Timoschuk, individually, as the surviving spouse and representative of the estate of Jeffory Alan Timoschuk, and on behalf of Infant A.R.T., (collectively "Plaintiffs") sued multiple defendants, including Daimler, the manufacturer of the subject tractor. Docket No. 20.  Plaintiffs have settled with all Defendants except Daimler, and trial is set for January 5, 2015. Docket Nos. 116 & 118.

Bruce Koepke is a former employee of Daimler, who is frequently produced by Daimler as a Rule 30(b)(6) deponent in fuel system and post-collision fire cases. *See* Docket No. 115, at 2.  Plaintiffs move to compel Daimler to produce Mr. Koepke to testify at trial, pursuant to Rule 30(b)(6). Docket No. 115.

Rule 30(b)(6) states:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6).

Rule 30(b)(6), on its face, applies only to depositions. Plaintiffs have not cited to any Rule or authority requiring Daimler to produce any witness at trial, let alone the witness of Plaintiffs' choosing. In fact, the Fifth Circuit has noted that "there is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). Instead, the Rules permit that, at a hearing or trial, "an adverse party may use for any purpose the deposition of a party who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." FED. R. CIV. P. 32(a)(3); *see Brazos River Auth.*, 469 F.3d at 434.

Moreover, Rule 30(b)(6) charges the organization—not the adverse party—with "designat[ing] one or more officers, directors, or managing agents" to testify at deposition. FED. R. CIV. P. 30(b)(6).[1] While Rule 30(b)(6) requires an organization to designate an agent "knowledgeable about relevant facts," *Brazos River Auth.*, 469 F.3d at 434, the Rule "places the burden of identifying responsive witnesses for [an organization] on the [organization],"

---

[1] Rule 30(b)(6) also requires a nonparty subpoena to "advise a nonparty organization of its duty to make this designation." FED. R. CIV. P. 30(b)(6).

*Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).[2] Thus, even if Rule 30(b)(6) required an organization to designate a witness for trial, relevant authority suggests that the organization would designate its witness, not the adverse party.

The discovery period has closed in this case. *See* Docket No. 53 (ordering all discovery completed by March 21, 2014); Text Order, dated March 11, 2014 (allowing Plaintiffs to depose Suzanna Dana, M.D. after the discovery deadline). On August 30, 2014, Plaintiffs deposed Daimler's Rule 30(b)(6) corporate representative. *See* Docket No. 115, at 3; Docket No. 120, at 3. Only by their current motion, have Plaintiffs raised any concerns with this Court about Daimler's choice of a Rule 30(b)(6) representative. In fact, even now, Plaintiffs do not challenge Daimler's choice to answer questions at deposition; instead, Plaintiffs only request that a certain individual, Mr. Koepke, be compelled to testify at trial on Daimler's behalf. For the foregoing reasons, the Court finds Plaintiffs' motion meritless. Accordingly, the motion is DENIED. Docket No. 115.

It is so ORDERED.

SIGNED this 30th day of July, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] *See also* 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 2103 (3d ed. 2014) ("[The organization] must choose the person to testify. There is no obligation to select a person with personal knowledge of the events in question, but there is an obligation to proffer a person who can answer regarding 'information known or reasonably available to the organization.' Thus, unlike all other depositions, there is an implicit obligation to prepare the witness. As specified in the rule, this preparation is not limited to matters of which the witness has personal knowledge, but extends to all information reasonably available to the responding organization.").